CHRISTIAN BERNHARDT, Respondent, *v.* HAMILTON M. LYMBURNER, Executor, etc., Respondent, ETHAN H. HOWARD, Appellant.

The rule that where different portions of mortgaged premises are successively mortgaged, they are to be sold on foreclosure of the mortgage covering the whole premises in the inverse order of incumbrance, is one of equity and yields to circumstances.

In an action to foreclose a mortgage upon a city lot of one hundred feet front, it appeared that a subsequent mortgage was executed covering the whole premises, but that the holders released from its lien the northerly forty feet upon which a third mortgage was executed. The mortgagor died seized of the whole premises, leaving a will by which she devised the sixty feet and the forty feet separately, in trust for different beneficiaries. The amount due upon the three mortgages exceeded the value of the whole lot. If the forty feet were first sold, and if they sold for full value, after payment of plaintiff's mortgage, only sufficient would be left to pay about one-third of the last mortgage, while the devisees of the sixty feet which were of value sufficient to pay the mortgage thereon, and leave a surplus of about $3,000, would hold the equity of redemption relieved of the lien of plaintiff's mortgage. *Held,* that the judgment should direct the sale of the whole lot, and the payment of the mortgages, according to their priority, out of the proceeds.

(Argued March 23, 1881; decided April 19, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order

made December 31, 1879, affirming a judgment entered upon a decision of the court on trial at Special Term.

This was an action to foreclose a mortgage.

The material facts are stated in the opinion.

*Sherman S. Rogers* for appellant.

*James C. Beecher* for plaintiff, respondent. The order of sale being discretionary, it is not appealable to this court. (4 Abb. Ct. of App. Cas. 253.)

*Milo A. Whitney* for defendant, respondent. Where mortgaged premises have been aliened, or incumbered in parcels since the giving of the mortgage, and the same can be sold in parcels without injury to the interests of the parties, such premises shall be sold in the inverse order of alienation. The rule is just as applicable to a junior mortgage or judgment lien as to an alienation by deed. (*Clowes* v. *Dickinson,* 5 Johns. Ch. 235; 9 Cow. 403; *Evertson* v. *Booth,* 19 Johns. 486; *Gouverneur* v. *Lynch,* 2 Paige, 300; *Guion* v. *Knapp,* 6 id. 35; *Crafts* v. *Aspinwall,* 2 N. Y. 289; *Howard Ins. Co.* v. *Halsey,* 8 id. 271; *Ingalls* v. *Morgan,* 10 id. 178; *Oppenheimer* v. *Walker,* 3 Hun, 30; *Steere* v. *Child,* 15 id. 511; Thomas on Mortgages, 336, 7, 8; *Nat. Sav. B'k* v. *Cresswell* [U. S. Sup. Ct.], 21 Alb. L. J. 431.)

ANDREWS, J. The question in this case arises between subsequent mortgagees of different parts of the premises embraced in the plaintiff's mortgage, upon an exception of the defendant Howard, to the direction in the judgment that the part of the premises covered by his mortgage, should be first sold.

The plaintiff's mortgage is upon a lot on the west side of Main street, in the city of Buffalo, one hundred feet front, and one hundred and thirty-two feet in depth. It was executed by Harriet C. Lymburner, the owner of the premises, September 1, 1871, and was recorded September 2, 1871, and there is due thereon $5,000, and interest from March 1, 1878. The

defendants, Hamilton M. Lymburner and George C. Torrey, as
executors, hold a second mortgage, dated October 1, 1872, also
executed by Harriet M. Lymburner, which originally covered
the whole lot. On the 24th of March, 1873, the executors,
upon the request of the mortgagor, released the northerly forty
feet of the lot from the lien of their mortgage, so that, from
that time, their mortgage was a lien only upon the southerly
sixty feet; and there is due thereon the sum of $6,300, and
interest from June 20, 1877. The defendant Ethan H. How-
ard, is the assignee of a mortgage on the northerly forty feet
of the lot, executed by Harriet C. Lymburner, March 24, 1873,
on which is unpaid $5,462, and interest from March 24, 1878;
and this mortgage is accompanied by the bond of the mort-
gagor. Mrs. Lymburner, the mortgagor, died seized of the
whole lot June, 1878, and by her will devised the sixty feet
and the forty feet, by separate devises, in trust for different
beneficiaries named.

It was admitted on the trial, that the value of the sixty feet
covered by the mortgage to Hamiltom M. Lymburner and
George C. Torrey as executors, is $12,000, and that the value
of the forty feet covered by Howard's mortgage, is $8,000, and
the judge found that the value of the forty feet, was four-
tenths of the value of the entire premises. The sum due upon
the three mortgages exceeds by a few. hundred dollars the value
of the whole lot. It is plain that if the forty feet are first sold
on the plaintiff's mortgage, and should sell for their full value,
there would remain, after paying the plaintiff's mortgage, less
than $2,000 to apply upon the Howard mortgage, and he would
be left with an unsecured claim of more than $4,000. The
devisees of the sixty feet, would, at the same time, as the result
of the payment of the plaintiff's mortgage out of the proceeds
of the sale of the forty feet, hold the equity of redemption in
the sixty feet, relieved of the lien of the original mortgage,
and subject only to the mortgage to Lymburner and Torrey,
as executors.

This result would be manifestly inequitable. The sixty feet,
according to the admission of the parties, is worth several

thousand dollars more than the amount of that mortgage. Mrs. Lymburner was bound to pay the Howard mortgage in full, and as between her, and Howard, the latter had a clear equity to demand that the sixty feet should be first sold, and her interest therein exhausted, before resort is had to the forty feet covered by his mortgage. Her devisees stand in her shoes, and equity requires, if it can be done, that the value of the equity of redemption in the sixty feet, over and above the mortgage to Lymburner and Torrey, should be applied to reduce the plaintiff's mortgage, and thereby *pro tanto* relieve the forty feet, and protect the Howard mortgage.

The difficulty is to work out this result without impairing the rights of Lymburner and Torrey, whose mortgage is prior to the Howard mortgage. The mortgage to the plaintiff being upon the whole lot, and the mortgage to the executors being upon the sixty feet alone, and the Howard mortgage being alone upon the forty feet, and subsequent in date, they are entitled, upon the well-settled doctrine of equity, to have the forty feet first sold to satisfy the plaintiff's mortgage, if necessary for their protection. The general rule is that where there are several successive grantees of different portions of mortgaged premises, the land on foreclosure, is to be sold in the inverse order of alienation, and this secures the equitable rights of the parties as between themselves. The first grantee of a part of the mortgaged premises, who has purchased for full value and without any agreement to assume the mortgage, may justly claim that the burden of the incumbrance shall be cast in the first instance upon the remaining lands of the grantor, and a second or other grantee takes subject to the equity of the prior grantee. The same principle is applicable to the case of successive mortgagees of parts of mortgaged premises, on a foreclosure of a prior mortgage on the whole property, where by its application the equitable rights of all parties will be secured. (*Stuyvesant* v. *Hall*, 2 Barb. Ch. 151.) But this is a rule of equity and yields to circumstances. (*Guion* v. *Knapp*, 6 Paige, 35; *Kellogg* v. *Rand*, 11 id. 59.) The rule is established to adjust and preserve the equitable rights of claimants holding distinct in-

terests in parts of the mortgaged property, according to the maxim *prior tempore potior jure.*

The application of the rule between grantor, and successive grantees of parts of mortgaged premises, if applied in this case, by requiring that the forty feet should be first sold, would destroy, to a great extent, the security of the Howard mortgage. If the protection of the mortgagees in the second mortgage, required that this course should be taken, there would be no alternative, and the rule should be applied. But if the land can be sold so as to protect both securities, then equity requires that the sale should be so made; or if they cannot be protected in full, then that the sale should be made so as to make the loss upon the Howard mortgage as small as possible, consistently with the rights of all parties. The object of the rule adverted to will then be attained, although the rule itself in this particular case, is departed from. We think the judgment in this case should direct that the whole lot be sold on the plaintiff's mortgage, and that out of the proceeds, the liens be paid according to their priority.

The claim of the counsel for the defendant Howard, that the judgment should direct the sale in the first instance of the sixty feet, and that, if this part of the lot should not bring enough to pay the first and second mortgages, then that the forty feet be sold, to pay the deficiency, is impracticable. The plaintiff could not sell the forty feet under his judgment, after he had realized sufficient from the sale of the sixty feet, to pay his mortgage and costs. By selling the whole property and distributing the proceeds as we have indicated, upon the conceded facts, neither of the subsequent mortgagees will receive any thing, out of the part of the lot, not subject to the lien of his mortgage.

The judgment should be modified in accordance with this opinion, and also by striking out the costs awarded against the defendant Howard, in the court below, and awarding costs to the plaintiff in the Supreme Court, and in this court, payable out of the proceeds of sale.

All concur except MILLER, J., not voting and RAPALLO, J., absent.

Judgment accordingly.