JAMES B. THOMAS, Respondent, *v.* THE MORAVIA FOUNDRY AND MACHINE COMPANY, Appellant, Impleaded with Others.

*Right, where persons have liens upon separate lots covered by a mortgage, to require that the lots be sold in the inverse order of alienation.*

On January 10, 1883, the defendants, Lisk and Russell, executed and delivered to the plaintiff two mortgages upon four separate parcels of real estate, two of which were owned by them as tenants in common, the other two being owned by Russell individually. Subsequently thereto, and on July 12, 1884, the said mortgagors executed and delivered to the defendant, The Moravia Foundry and Machine Company, a mortgage upon one of the said parcels owned by them as tenants in common, known as the "store lot," which was, on that day, duly recorded. Thereafter, and on August 27, 1884, the said mortgagors executed and delivered to the plaintiff a third mortgage, which embraced only that one of the two parcels owned by them as tenants in common, which was known as the mill lot. Upon a sale under a judgment recovered in an action brought to foreclose the first two mortgages, the two parcels of real estate owned by Russell individually were first sold for $925. The "store lot" was then sold for $2,200, and the "mill lot" for $4,000, making an aggregate sum of $7,125.

Upon an appeal from an order directing that the plaintiff's third mortgage should be paid from this sum, after deducting therefrom the amount due on the first two mortgages owned by him:

*Held,* that the plaintiff should be compelled to satisfy the first two mortgages by applying in payment thereof, first, the proceeds arising from the sale of the real estate owned by Russell, individually, and, second, the proceeds arising from the sale of the mill lot; and that as the fund thereby provided was more than was needed for that purpose, the proceeds arising from the sale of the store lot should be applied to the payment of the mortgage given to the Moravia Foundry and Machine Company, and not to the payment of the plaintiff's third mortgage.

APPEAL by the defendant, the Moravia Foundry and Machine Company from an order of the Monroe Special Term directing the distribution of the surplus proceeds in a mortgage foreclosure action, after the payment of the two mortgages first mentioned and described in the complaint and in the final decree.

The plaintiff and the defendants, the Watertown Steam Engine Company and Henry F. Steele, appeared on the hearing as respondents and ask that the order be affirmed.

*H. Greenfield*, for the Moravia Foundry Company, appellant.

*Hazelton & Allen*, for the plaintiff, respondent.

*Mason & Rose*, for the Watertown Steam Engine Company, defendant and respondent

*Frank C. Avery*, for Henry F. Steele, defendant and respondent.

BARKER, J. :

The facts upon which the legal propositions are based may be briefly stated : On the tenth day of January, 1883, the defendants, John Lisk and Abial L. Russell, the mortgagors, in the several mortgages mentioned in the complaint and in the judgment, were the owners, as tenants in common, of two parcels of land which in all the proceedings in the action have been treated by all the parties as separate and distinct parcels, and are so described in the mortgages. Upon each of said parcels there existed at that time a mortgage lien, less in amount than the value of the property. At the same time the said Russell was the individual owner of two other parcels of land upon which there was also mortgage liens. None of the owners of these several liens were made parties to this action, and all the mortgages and judgments in which the parties to this action are interested are subsequent and subordinate to said several liens.

On the said 10th day of January, 1883, the said Lisk and Russell executed to the plaintiff the two mortgages first described in the complaint, and there was due upon them at the time of the entry of final judgment the aggregate sum, including the interest and premiums paid for insurance, $4,863.94. Subsequent thereto and on the 12th day of July, 1884, the said mortgagors executed and

delivered to the appellant, the Moravia Foundry and Machine Company, a mortgage upon one of said parcels owned by them as tenants in common, and distinguished from the other parcels as the "store lot;" and the same was recorded on the 12th of July, 1884, which was subsequent to the recording of the said prior mortgages to the plaintiff. Subsequently thereto, and on the 27th day of August, 1884, the said mortgagors executed and delivered to the plaintiff a third mortgage, which embraced only one of the parcels which they owned as tenants in common, and is distinguished from the other parcels as the mill lot, upon which there was due at the time of the entry of final judgment the sum of $1,092. The judgment contains a direction, that the four parcels of land embraced in the plaintiff's first two mortgages be sold in the following order: First. Parcel B. Second. Parcel D, which were the premises owned by Russell individually. Third. Parcel C, known as the store lot, and being the parcel embraced in the appellant's mortgage. Fourth. Lot A, known as the mill lot, which was embraced in the plaintiff's third mortgage. On the sale parcel B brought $100, parcel D $825, parcel C $2,200, and A $4,000, making an aggregate sum of $7,125.

The final judgment directed that out of the proceeds the costs of the suit and the plaintiff's first two mortgages and interest be first paid, which then amounted in the aggregate to the sum of $4,863.94. The surplus remaining after satisfying this part of the decree, it will be observed, was more than sufficient to pay the plaintiff's third mortgage, which was a lien upon the mill lot, and is about equal to the amount which the appellant claims is due upon and secured by its mortgage upon the "store lot."

The real and substantial question in dispute between the parties is, which of these mortgages should be first paid out of the surplus arising upon the sale of all the mortgaged premises? The appellants' position is that as its mortgage was executed and recorded prior to the plaintiff's third mortgage it is, in equity, a lien upon the surplus moneys. The final judgment did not dispose of this controversy. It contains a provision that out of the proceeds of the sale, properly applicable thereto, there be paid to the plaintiff the sum of $1,092, the amount found due on his third mortgage, and then directs that in all other respects the rights and equities of all the parties be reserved until the further order of the court. It is

not claimed by the plaintiff that this provision of the decree establishes that his third mortgage should be paid prior to the appellants' mortgage, and he concedes that that question was left open for further consideration. After the premises were sold, and the referee's report of the sale was confirmed and the amount of the surplus moneys ascertained, the court made the order of distribution, from which the appellant appeals, which provided that out of such surplus there be first payed to the plaintiff his third mortgage, amounting to the sum of $1,092, with interest thereon from the 11th of March, 1886.

The question presented is first to be considered as between the plaintiff and the appellant. By the application of a well-settled equitable rule the appellant may insist that the plaintiff's first two morgages should be paid out of the proceeds of the sale, derived from a sale of the premises embraced therein, exclusive of the parcel covered by its mortgage. The fund derived from the sale of those parcels was more than sufficient for that purpose. The effect of a distribution made on this basis will be to secure to the appellant the application of the entire sum realized on the sale of the parcel covered by its mortgage, or so much thereof as may be necessary to pay the same in full. The appellant's mortgage will be thus fully protected, and nothing will be taken from the plaintiff, as he will thereby secure the full satisfaction of both of his mortgage liens, which are prior in point of time to the appellants.

The cases are decisive of the question as between parties whose mortgage liens stand in the same relation to each other as these do as to point of time and accruing under the same circumstances. We only need to apply the general rule as stated in *Bernhardt* v. *Lymburner* (85 N. Y., 172), viz.: "Where there are several successive grantees of different portions of mortgaged premises, the land on foreclosure is to be sold in the inverse order of alienation, and this secures the equitable rights of the parties as between themselves. The first grantee of part of the mortgaged premises, who has purchased for full value and without any agreement to assume the mortgage, may justly claim that the burden of the incumbrance should be cast in the first instance upon the remaining lands of the grantor, and a second or other grantee takes subject to the equity of the prior grantee. The same principle is applicable

to the case of successive mortgagees of parts of mortgaged premises on a foreclosure of a prior mortgage on the whole property, where, by its application, the equitable rights of all parties will be secured." (See, also, *Stuyvesant* v. *Hall*, 2 Barb. Ch., 151.)

The appellant was a mortgagee in good faith, and it may be assumed that when it accepted the same it was with a full knowledge of the equitable rule, that the remaining parcels covered by the plaintiff's mortgages would be first sold in satisfaction of the debt secured thereby. Nothing has been disclosed in this case which should result in a defeat of this expectation. The appellant's mortgage was intended as a security for the payment of eight notes made by the mortgagors, Lisk and Russell, and indorsed by it as an accommodation indorser. Upon some of those notes a judgment has been recovered by the Moravia National Bank, as holder, against the maker and indorser, in the sum of $1,007, which was docketed in the Seneca county clerk's office. Upon some of the other notes a judgment has also been recovered by another party, and against the makers alone, for the sum of $552. It does not appear that the appellant has paid either of the notes, or any part of the said judgment recovered against it by the bank upon a portion of the notes so indorsed by it. The defendant, the Watertown Steam Engine Company, hold two mortgages executed by Lisk and Russell upon parcels " A " and " C," both of which are subsequent in point of time to the appellants and to the plaintiff's third mortgage. That company appears upon this appeal, and contends for an affirmance of the order, chiefly upon the ground that the appellant may, in view of these facts, seek protection against its liability as indorser by a resort to separate funds, one of the premises recovered by its mortgage and the other the lands and premises upon which the judgment recovered by the Moravia bank is a lien, and invokes the application of the rule that where a creditor having a lien on separate funds should not be permitted to proceed with the collection of his debt so as to disappoint the creditor, who has a lien only on one of them.

This question is not properly up for consideration on this appeal. The appellant has had no opportunity to establish the extent of its liability as indorser of the notes of the mortgagors, nor was the question up at the time of the making of the order of distribution

whether the appellant should resort to some other fund in the first instance for the purpose of securing indemnity against its liability as indorser. The order of distribution directed the payment of the plaintiff's third mortgage out of the surplus funds before any proceeds should be applied in discharge of the appellant's mortgage. That is the error relied upon for a reversal of the order of distribution, so far as any has yet been made. The order goes no further, but directs that if there is any surplus of the proceeds of sale, after paying the plaintiff's third mortgage, that the same be paid into court for the use of the person or persons entitled thereto, as may be hereafter determined. As the matter must come again before the court for a final order of distribution, and upon that hearing the question can be investigated as to how much may be due the appellant upon its mortgage, and the question now presented by the respondent, the Watertown Steam Engine Company, can also, at the same time, be considered, the facts upon which those questions are founded will be more fully and satisfactorily presented than they now appear by this record.

So much of the order appealed from as directs the payment of the plaintiff's third mortgage in the first instance, out of the surplus money and the particular fund out of which the same be paid, is reversed. The other provisions of the order are affirmed, without costs of this appeal to either party. This will result in leaving the entire surplus subject to the further order of the court.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

So much of the order appealed from as directs the payment of the plaintiff's third mortgage, and, also, so much of the order as directs out of what fund the plaintiff's first two mortgages be paid, is reversed. In other respects the order is affirmed without costs of this appeal to either party.