<em>Windham,</em><br>July, 1845.<br>Gates<br><em>v.</em><br>Treat.

---

YOUNG <em>against</em> WILLIAMS and others.

A, being indebted to B, by three notes, mortgaged to him real estate to secure the debt. C, having an execution against A, caused it to be levied upon his equity of redemption in the mortgaged premises, an undivided share of which was set off to C in satisfaction of that execution. A being also indebted to D, mortgaged to him A's interest in the equity of redemption, which D foreclosed. B then obtained a decree of foreclosure against C and D, the time limited for C to redeem being one week later than that limited for D. E, at the instance of D, paid B the amount of his incumbrance, debt and costs, and, for his security, took from him an assignment of A's notes, and from D a conveyance of all his interest in the mortgaged premises. After this payment, and after the time limited for D to redeem had expired, but before the expiration of the time allowed to C for that purpose, C tendered to E

*Windham,*
*July, 1845.*

Young
*v.*
Williams.

the full amount paid by him, and demanded from him a release of all his interest in the mortgaged premises. *E* refused to accept the sum tendered, or to execute the release. On a bill in chancery afterwards brought by *E* against *C*, it was held, 1. that *C*, taking not as a subsequent mortgagee, but as a creditor levying upon the equity of redemption, the whole of which was not set off to him, but only an undivided share, he had an indefeasible estate in that share only, with a right, by paying a corresponding portion of the mortgage debt, to acquire thereby a perfect and indefeasible title to an undivided share of the whole mortgaged premises; 2. that *D*, by virtue of his mortgage from *A*, and the decree of foreclosure passed on it, became the owner of the residue of the equity, with a like right to redeem his share,—*C* and *D* thus becoming tenants in common of the equity of redemption, each owning an undivided share, and bound to pay a corresponding share of the incumbrance; 3. that *E*, having paid the full amount of the first mortgage, was entitled to call upon *C* to contribute his share, or be foreclosed of his interest in the equity of redemption; 4. that parol evidence to show, that *E* paid off the first incumbrance, by the procurement of *D*, was admissible.

If one tenant in common of an equity of redemption is compelled to pay off the whole incumbrance, and takes to himself a transfer of the legal title, the share of the mortgage which it belonged to him to pay becomes extinguished, his title to his portion of the property is perfected, and he is subrogated to the rights of the first mortgagee, and has a right to call upon his co-tenant to pay him that share, or be foreclosed of his right to redeem.

THIS was a bill in chancery for a decree against the defendants, foreclosing all their right in equity to redeem certain mortgaged premises.

The facts in the case, so far as they bear materially upon the points discussed and decided, are substantially these.

*George Spafford* being indebted to *Joel W. White* and two others, by three notes, amounting to 5,000 dollars, mortgaged to them certain real estate, to secure the payment of those notes. The defendants, having an execution against *Spafford*, caused it to be levied upon his equity of redemption in the mortgaged premises, and an undivided share of that equity of redemption, to be set off to them in payment and satisfaction of that execution.

*Spafford*, being also indebted to *Chandler Smith*, mortgaged to him his interest in the equity of redemption, and upon a bill for a foreclosure brought by *Smith*, became foreclosed of his equity. *White* and the other first mortgagees having assigned all their interest in the notes and mortgaged premises to *Mary Fox* and two others, the assignees brought their bill against *Smith* and the defendants, praying for a decree of foreclosure, which was accordingly made, and the time limited for *Smith* to redeem was the first *Monday* of *July,*

1844, and for the defendants, the second *Monday* of the same month.    At the time this decree was made, the defendants were the owners of one undivided share of the mortgaged premises, subject to the first mortgage and the costs of suit ; and *Smith*, the owner of the residue.

*Smith*, not having the funds at hand to redeem within the time allowed him in the decree, procured the plaintiff to raise them, which the plaintiff accordingly did, and paid the holders of the first mortgage the amount of the incumbrance, with the costs of suit, and, for his security, took from them an assignment of their notes, and also from *Smith* a conveyance of all his interest in the mortgaged premises.    After this payment, and after the time limited for *Smith* to redeem had expired, but before the expiration of the time allowed the defendants for that purpose, they tendered to the plaintiff the full amount, paid the assignees of the first mortgage for debt and costs, and demanded from him a release of all his interest in the mortgaged premises.    The plaintiff refused to accept the sum so tendered, or to execute the release demanded.

The defendants, after the payment by the plaintiff of the first mortgage and the assignment to him of the notes, procured from two of the assignees of the first mortgage, a release deed of the mortgaged premises.

The plaintiff now brings his bill, praying the court to decree, that if the defendants shall fail to pay him their proportional part of the debt and costs paid by him to the assignees of the first mortgage, they, the defendants, shall be foreclosed of all right in equity to redeem their interest in the mortgaged premises.

On the trial in the court below, the plaintiff, for the purpose of showing that he paid the first mortgage at the request and for the benefit of *Smith*, offered in evidence the deposition of *White ;* which was objected to.

The case was thereupon reserved for the consideration and advice of this court, on the questions, whether such parol testimony was admissible ; and whether, upon the facts found, the plaintiff was entitled to the relief sought.

*Strong* and *Foster*, for the plaintiff, contended, 1. That the decree of foreclosure, when made, was in derogation of the right of *Smith*, there being no privity between him and the

*Windham,*
*July, 1845.*

*Young*
*v.*
*Williams.*

present defendants. Though this court cannot vary that decree, yet in ascertaining the equities between the parties, it will look to this fact. *Scripture* v. *Johnson*, 3 *Conn. R.* 211. *Allyn* v. *Burbank*, 9 *Conn. R.* 151.

2. That the transfer of the debt from the plaintiffs in that suit, if it is regarded as having been made to *Young*, the present plaintiff, *a stranger to the decree*, dissolved the foreclosure. The defendants were bound only to pay to the plaintiffs, their heirs, executors or administrators ; and they, having parted with their interest, could not make to *Smith* the transfer to which he would be entitled.

3. That if this is to be regarded as a redemption by *Smith*, (as it in fact was,) through *Young*, he holding the debt and mortgage for his security for his advances to *Smith*, then *Young* is clearly entitled to foreclose for a proportion of the debt, according to the interest of the defendants in the equity of redemption.

*Rockwell*, for the defendants, contended, 1. That the purchase of the notes by *Young*, and the assignment of the mortgage, were made *pendente lite*, and cannot affect the decree passed previously. *Murray* v. *Ballou*, 1 *Johns. Ch. R.* 566. 576. *Murray* v. *Finster*, 2 *Johns. Ch. R.* 155. *Jackson* d. *Noah* v. *Dickenson*, 15 *Johns. R.* 309. *The Bishop of Winchester* v. *Paine*, 11 *Ves.* 194. *Metcalfe* v. *Pulvertoft*, 2 *Ves. & Bea.* 200. *Selfe* v. *Madox*, 1 *Vern.* 459. *Bishop of Winchester* v. *Beavor*, 3 *Ves.* 314. *Sedgwick* v. *Cleveland*, 7 *Paige*, 288. 290. 292. *Wilson* v. *Troup*, 7 *Johns. Ch. R.* 38. *Wood* v. *Griffith*, 1 *Swanst.* 56. *Sto. Eq. Pl. s.* 156. 351, 2.

2. That if a legal tender is made of the money due on a bond and mortgage, to the mortgagor, or to his assignee or attorney, which is refused, the land is discharged from the mortgage, though the debt remains. *Co. Litt.* 209. *b. sec.* 338. 207. *a. sec.* 335. 6 *Bac. Abr.* 457. *tit.* Tender. F. (*Gwil.* ed.) *Com. Dig. tit.* Mortgage. A. 20 *Vin. Abr. tit.* Tender. N. *s.* 4. *Jackson* d. *Bowers* & al. v. *Crafts*, 18 *Johns. R.* 110. 115. *Denn* d. *Demarest* v. *Wynkoop*, 8 *Johns. R.* 168. 172. *Edwards* v. *The Farmers' Fire Insurance and Loan Company*, 21 *Wend.* 467. S. C. in error, 26 *Wend.* 541. *Bank of the United States* v. *Peter*, 13 *Pet.* 123.

**WAITE, J.** It is insisted, on the part of the defendants, that the plaintiff stands in the character of a purchaser of the first mortgage ; that as *Smith* has failed to pay off that, within the time allowed him by the decree, he has become foreclosed of all his rights ; and the defendants, having tendered to the plaintiff the amount of the first mortgage and the costs of suit, before the expiration of the time limited for them to redeem, are now entitled to the whole property, unincumbered by any lien on account of *Smith's* mortgage.

If the plaintiff were but the holder of the first mortgage, the defendants would not be entitled to the rights which they now claim. Did they stand, in this case, as second mortgagees, having a lien upon the whole equity, and *Smith* as a third mortgagee, foreclosed of his rights, by the decree, then their claim would be well founded.

But such is not their condition. They took, not as mortgagees, but as levying creditors. The whole equity of redemption was not set off to them upon their execution, but only an undivided share. This gave them an indefeasible estate in that portion of the equity, with a right to pay a corresponding portion of the mortgage debt, and thereby acquire a perfect and indefeasible title to an undivided share of the whole property. *Allyn* v. *Burbank, 9 Conn. R.* 151.

*Smith,* by virtue of his mortgage from *Spafford,* and the decree of foreclosure passed upon it, became the owner of the residue of the equity, with a like power to redeem his share. *Smith* and the defendants thus became tenants in common of the equity of redemption, each party owning an undivided share, and bound to pay a corresponding share of the incumbrance. A foreclosure of the rights of one party would not increase those of the other. Nor would he be entitled to redeem more than his share of the property, without the consent of the holders of the first mortgage.

It is true, they could not be compelled to accept payment of their debt, partly in money, and partly in an undivided share of the property mortgaged. They had a right to say to the party coming to redeem, " pay us our whole debt, or we will receive nothing." But still, if they had extinguished the right of one of the tenants in common to redeem, they were under no obligation to part with that share acquired by

HARVARD LAW LIBRARY

*Windham,*
*July, 1845.*

Young
*v.*
Williams.

the decree, unless with their consent. *Allyn* v. *Burbank*, 9 *Conn. R.* 151. *Gorham* v. *Franklin*, 2 *Day*, 142.

If one tenant in common is compelled to pay off the whole incumbrance, and takes to himself a transfer of the legal title, the share of the mortgage which it belonged to him to pay, becomes extinguished ; his title to his portion of the property is perfected ; and as to the residue of the first mortgage, he becomes subrogated to the rights of the first mortgagee, and has a right to call upon his co-tenant to pay him that share, or be foreclosed of his right to redeem.

Whether, therefore, the plaintiff is to be considered what he claims himself to be, the purchaser of *Smith's* share of the equity, with the right to redeem a corresponding portion of the mortgage, or as merely the purchaser of the first mortgage, as the defendants insist, the defendants' rights will remain the same. They cannot compel him to receive more of the first mortgage, than will be sufficient to redeem their share of the property. As to the remaining share, they have no equitable title to it, and cannot compel the plaintiff to part with it, without his consent.

The plaintiff having paid the whole amount of the first mortgage, is entitled to call upon these defendants to contribute their share, or forfeit their interest in the equity of redemption.

With respect to the testimony contained in *White's* deposition, the view already taken of the case, renders that testimony unimportant. Still, however, as it is alleged in the bill, that the plaintiff paid off the prior incumbrance by the procurement of *Smith*, we see no reason why that averment may not be proved, and why parol testimony was not admissible for that purpose.

We therefore advise the superior court to grant the prayer of the bill.

In this opinion the other Judges concurred, except CHURCH, J., who was absent.

Decree for plaintiff.