THE LOMAS & NETTLETON COMPANY *vs.* MARIA DIFRANCESCO ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1932—decided February 14th, 1933.

*Benjamin F. Goldman,* for the appellant (defendant Straguzzi).

*Samuel Campner* and *Everett B. Morris,* for the appellees (defendants Kennedy).

*Lyman H. Steele,* with whom, on the brief, was *Frank R. Goldman,* for the appellee (plaintiff).

HINMAN, J. The stipulation united in by all the parties for the purpose of determining priorities and law days for the several defendants discloses the following facts: September 28th, 1925, the defendant DiFrancesco executed to the plaintiff as trustee the mortgage being foreclosed, which covered a tract of land in New Haven. January 14th, 1929, DiFrancesco executed a mortgage to Edward C. Kennedy and Loretta D. Kennedy covering a portion of the same premises, which portion we hereafter refer to as Parcel A. March 22d, 1928, DiFrancesco executed a lease to the defendant Abraham Shapiro, of the remaining part of the premises, which we refer to as Parcel B. September 28th, 1929, DiFrancesco executed a mortgage to the defendant Straguzzi covering all the property described in plaintiff's mortgage. October 22d, 1931, the Kennedys brought an action to foreclose

their mortgage, making Straguzzi a party defendant, and by judgment in that action title to Parcel A vested in them on January 8th, 1932. At the time the present action was instituted, Parcel A was still owned by and in the possession of the Kennedys without encumbrances except taxes and the plaintiff's mortgage, and Parcel B was still owned by the defendant DiFrancesco subject to taxes, the lease to Shapiro and the mortgage held by Straguzzi. In the judgment, the redemption dates were fixed in the following order: DiFrancesco, Straguzzi, Shapiro, the Kennedys.

The appellant, Straguzzi, assigns as error that the defendants DiFrancesco and the Kennedys were not given the same redemption date, claiming that as tenants in common or joint tenants they had a joint right of redemption. *Lyon* v. *Robbins,* 45 Conn. 513; *Seymour* v. *Davis,* 35 Conn. 264. These defendants were not owners in common of the whole tract, but each had a separate interest in a part of it. But, assuming that owners of separate portions of a mortgaged tract do ordinarily have an equal obligation to discharge the mortgage debt and should be given the same law day, it does not follow that the rule applies in this case. When DiFrancesco, having mortgaged the property to the plaintiff, placed upon a portion of it the mortgage to the Kennedys, he assumed an obligation to them to protect their security from being taken away by the foreclosure of the plaintiff's mortgage. *Desiderio* v. *Iadonisi,* 115 Conn. 652, 163 Atl. 254. Their right to that protection was an equity adhering to the interest they acquired by their mortgage. Had DiFrancesco thereafter conveyed his equity of redemption, his grantee, taking with notice, would have been bound by the same obligation to the Kennedys. When he created an interest in the property in Straguzzi by his mortgage to him, Straguzzi took

that interest burdened with the equity in favor of the Kennedys. *Bernhardt* v. *Lymburner,* 85 N. Y. 172, 175. Hence, had it not been for the foreclosure of the Kennedys' mortgage, the order of redemption would unquestionably have been DiFrancesco, Straguzzi, the Kennedys. The effect of that decree of foreclosure was not to give the Kennedys a title to the land foreclosed, but to cut off the right of DiFrancesco and Straguzzi to redeem and to that extent to make absolute in them the title which before had been conditional. *Goodman* v. *White,* 26 Conn. 317, 323; *Colwell* v. *Warner,* 36 Conn. 224, 234. There was nothing in that foreclosure proceeding which destroyed the Kennedys' equity to have precedence over DiFrancesco and Straguzzi in the obligation to redeem the plaintiff's mortgage. The fact that the Kennedys thereafter had an unconditional title to only a portion of the tract included in the plaintiff's mortgage does not change the rule, because that portion was subject to the whole mortgage debt and they were as much entitled to have it protected as though their mortgage had been of the entire tract. If this were not so, the situation would be that the failure of Straguzzi to redeem on the foreclosure of the Kennedys' mortgage would have placed him in a more advantageous position than he previously occupied. Such a result would be anomalous and inequitable.

The appellant also invokes the rule stated in 2 Jones, Mortgages (8th Ed.) § 897: "The holder of a junior mortgage upon one of two lots embraced in a prior mortgage may compel the prior mortgagee to resort in the first place to the other lot, upon which there is no other encumbrance." Of this rule, we said in *Andreas* v. *Hubbard,* 50 Conn. 351, 364: "The rule as one of equity is well settled, and is easy of application where mortgaged property is sold on foreclosure,

as is done in most of our sister states, but the same result would be reached more circuitously under our own law." Under our law, the mortgagee is ordinarily entitled to appropriate to the payment of the debt all the land included in the mortgage, unless some party redeems. *Waters* v. *Hubbard,* 44 Conn. 340, 349. It is, of course, true that a mortgagee is only entitled to the payment of the debt owing him, including such incidental charges as he may add to it, and when he has appropriated property sufficient in value to discharge that debt, he is in equity entitled to no more. *Desiderio* v. *Iadonisi, supra.* If, upon proper pleadings, the holder of a junior mortgage upon one of two lots covered by a mortgage being foreclosed can prove that by the appropriation of the lot not included in his mortgage, the mortgage being foreclosed will be fully paid and discharged, it may be that the court would be justified, in the absence of other controlling equities, in restricting the foreclosure to that lot. But in the absence of such proof, there is no way under our law by which a decree in favor of the foreclosing mortgagee can be restricted to less than the whole land included in his mortgage. There can be no apportionment of the debt without the consent of the foreclosing mortgagee, but any party redeeming must pay it all. *Franklin* v. *Gorham,* 2 Day, 142; *Young* v. *Williams,* 17 Conn. 393, 397; *Lyon* v. *Robbins,* 45 Conn. 513, 524. An owner or mortgagee of a. part interest in the land foreclosed, having paid the debt, will be subrogated to the rights of the foreclosing mortgagee, so far as to enable him to protect any equities he may have, to place a portion or the whole of the burden upon the owner or mortgagee of a separate interest in it. *Young* v. *Williams,* and *Lyon* v. *Robins, supra; Delaware & Hudson Canal Co.'s Appeal,* 38 Pa. St. 512, 516. Upon proper plead-

ings, any such right between the defendants in a foreclosure action might be determined in that proceeding. But, however the equity which we are discussing may be worked out, it is obvious that it can be done in a foreclosure action only where proper pleadings have been filed. *Sanford* v. *Hill,* 46 Conn. 42, 54. Not only in this case were no such pleadings filed, but the record bears out the contention of the appellees that the point was not raised at the trial. However, as the point has been fully briefed and argued, we discuss it in the hope that further litigation may be thereby obviated.

The rule quoted is subject to the limitation that it will not be applied where to do so would impose an inequitable burden upon the mortgagee whose property would under it be first subjected to the burden of the mortgage in foreclosure. *Andreas* v. *Hubbard, supra; Lieb* v. *Stribling,* 51 Md. 285; 3 Jones, Mortgages (8th Ed.) § 2092. Aside from such equities as result from the order in which the mortgages were made, to which we have adverted, the situation before the Kennedys foreclosed their mortgage was that the Straguzzi mortgage covered the entire tract, a part of which was included in the Kennedys' mortgage, and the rule would not have applied; the reason that the Straguzzi mortgage is effectual only as to a part of the tract is the fact that neither DiFrancesco nor he redeemed the Kennedys' mortgage when it was being foreclosed; certainly it would be inequitable to permit this failure to redeem to crowd the plaintiff's mortgage over upon the tract now held by the Kennedys so that Straguzzi might have to bear only so much of the burden of that mortgage as would not be discharged by the appropriation to it of all the property now held by the Kennedys. It is inconceivable that Straguzzi, by his failure to redeem the mortgage to the

Kennedys, could obtain a priority over them to which he was not previously entitled. The order of the redemption dates fixed by the judgment is correct.

The appellant also alleges error in that portion of the judgment which vests title to the mortgaged premises in any defendant redeeming after all subsequent parties in interest have been foreclosed. The foreclosure of the Kennedys' mortgage cut off the rights of DiFrancesco and Straguzzi in the portion of the premises covered by it, but it gave the Kennedys no right in the portion of the premises not covered by it. Redemption by either Straguzzi or the Kennedys would free the portion of the premises in which the party so redeeming has an interest from the plaintiff's mortgage and from any right DiFrancesco may claim in it; as to the other portion, it will not create in the party redeeming any title therein but will subrogate him or them to the plaintiff's mortgage to the extent of permitting its assertion, in a subsequent action, if necessary, as in *Sanford* v. *Hill, supra,* for the purpose of requiring the other to discharge any burden of the plaintiff's mortgage debt equitably resting upon that portion. Redemption by the Kennedys would still permit Straguzzi, upon a proper payment to them, to free the portion of the land which remained subject to his mortgage after his failure to redeem the Kennedys' mortgage, from any right therein which the Kennedys acquire by their redemption of the plaintiff's mortgage. *Young* v. *Williams,* and *Seymour* v. *Davis, supra.* It follows that if either Straguzzi or the Kennedys should redeem, the decree should not provide that title to the whole of the mortgaged premises should be vested in, or that possession of the portion of the premises not included in the interest of the party redeeming should be delivered to, him or them. We

suggest in a footnote the form which this portion of the decree might take.

There is error in the form of the judgment only; the cause is remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.

And, further, that upon payment of said mortgage debt of $6,802.62, with interest thereon from said May 6th, 1932, and said costs, by any defendant after all subsequent parties in interest have been foreclosed, the title to that portion of said mortgaged premises in which he has an interest shall vest absolutely in said defendant making such payments, subject only to such preceding unpaid encumbrances and such unforeclosed rights if any as affect the interest of said redeeming defendant. And, further, that if all the parties fail to redeem the defendants and all persons claiming possession of said mortgaged premises through any of said defendants, under any conveyance or instrument executed and recorded subsequent to said notice of lis pendens on said eleventh day of March, 1932, deliver up possession of said mortgaged premises to the plaintiff; or if any party other than the defendant DiFrancesco redeem, any other defendant in possession or any person claiming through any of said defendants under any conveyance or instrument executed and recorded subsequent to the recording of said notice of lis pendens possession of that portion of said mortgaged premises in which the redeeming defendant has an interest, shall deliver up possession of such portion to the party who redeems in accordance with the provisions of this decree; with stay of execution of ejectment, nevertheless, in favor of said redeeming defendant, until one day after the time so limited for him or them to redeem, and if all parties fail to redeem, then until the     day of     .