ELIZABETH WILDERMANN, Plaintiff, *v.* SAMUEL R. WACHTELL and Another, Defendants.

Supreme Court, New York County, November 28, 1933.

*Townsend & Kindleberger [E. Crosby Kindleberger and Horace L. Hawkins of counsel], for the plaintiff.*

*White & Case [Chester Bordeau and Winslow M. Lovejoy of counsel], for the defendant Wachtell.*

ROSENMAN, J. The defendant Wachtell, a New York attorney, was consulted by the plaintiff on February 12, 1921, with reference to collecting an unliquidated claim against the executors of a Pennsylvania estate.

The defendant realized the necessity of retaining a Pennsylvania lawyer to conduct the suit itself and all procedural matters and so informed the plaintiff. He recommended one Gumbes for this purpose. No claim is made and no proof is presented that the defendant was negligent in selecting Gumbes for this purpose.

The plaintiff assented to the employment of Gumbes. The defendant arranged for Gumbes to come to New York city from Philadelphia to meet the plaintiff at the defendant's office cn March 29, 1921. At this conference a formal retainer was signed by the plaintiff employing both the defendant and Gumbes to collect the claim on a fifty per cent contingency arrangement.

At the time of this meeting all the parties at the conference knew that it would be necessary to file a *lis pendens* in Pennsylvania in order ultimately to collect any judgment against the estate from any of the real estate thereof, and that the time limit for filing such *lis pendens* would expire on April 5, 1921. This information had come from Gumbes himself.

After the meeting Gumbes returned to Philadelphia. The *lis pendens* was never filed.

Judgment on the claim against the estate for $10,000 was finally secured in Pennsylvania by the plaintiff in 1931. The judgment was worthless. There was no personalty of substance left, and the failure to file the *lis pendens*, pursuant to the Pennsylvania statute, had made the judgment uncollectible from the realty.

This action for malpractice was thereupon begun against Wachtell and Gumbes. Gumbes was not served with process but testified at the trial.

It is clear that Gumbes was negligent in failing to file the *lis pendens*. I find that Wachtell himself was not negligent either in retaining Gumbes or in assuming that Gumbes would take care of filing the necessary *lis pendens* in Pennsylvania.

The novel question arises, therefore, as yet undetermined in this State, whether a lawyer here who retains with due care an attorney in a foreign jurisdiction to take care of procedural matters in the foreign State becomes *ipso facto* liable for any negligence of the foreign attorney, even though the client has been informed of the necessity and reason for the retainer and has approved the course and choice of attorney.

This is not, of course, the case of a legal partnership' where one partner is liable for the negligence of the others. Nor is it similar to the case of *Degen* v. *Steinbrink* (202 App. Div. 477; affd., 236 N. Y. 669), where a New York attorney undertook himself to prepare and file necessary documents in a foreign State which later turned out to be defective under the law of the foreign State.

Here the New York attorney recognized his inability to take care of Pennsylvania procedure, and for that very reason had his client retain a Pennsylvania attorney. A lawyer should not be held to a stricter rule in foreign matters than the exercise of due care

in recommending a foreign attorney. To do so would subject him to hazards which he is not qualified either to anticipate or to prevent. Must a New York lawyer assume the risk of all the acts of a correspondent in California or in China by accepting retainers involving action in such distant jurisdictions? Any principle of liability adopted in the circumstances presented in this case would impose an impossible burden upon practicing attorneys.

The one really responsible here is Gumbes. It is indeed unfortunate for the plaintiff if he is not financially responsible for the damages caused to her by his negligence. No warrant is presented thereby for imposing liability on the defendant Wachtell.

Verdict directed for defendant Wachtell. Exception to the plaintiff. Thirty days' stay and sixty days to make a case.