Argued and submitted June 17, affirmed as modified August 14, 1985

## In the Matter of the Marriage of

### COUNTS,
*Appellant,*
*and*

### COUNTS,
*Respondent.*
(15-83-07879; CA A33193)

704 P2d 1157

Helmut Kah, Eugene, argued the cause and filed the brief for appellant.

Daniel N. Gordon, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

In this dissolution case involving a ten-year marriage, wife appeals from two provisions of the decree: (1) the award to husband, as his sole and separate property, of the parties' undivided one-half interest in a 128-acre parcel of rural land, which had been deeded to husband and husband's sister by husband's parents in 1982, and (2) an award of "only" $1,500 as a judgment against husband for wife's attorney fees, costs and other necessary expenses.

Wife contends that the trial court erred in not awarding her either an interest in the 128-acre property or an appropriate monetary award reflecting a share of the value of the parties' interest. Husband argues that the tract was not part of the marital estate. He cites the trial court's specific finding that there was "no donative intent" concerning any benefit to wife by the grantors, husband's parents.

It is the court's responsibility to divide property in a manner which is "just and proper in all the circumstances," ORS 107.105(1)(e), and it is clear that property may be subject to division whether or not it is a marital asset. *Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982). Thus, we are not persuaded that the trial court's finding of "no donative intent" necessarily precludes wife from either an interest in the subject property or a fair monetary award. It is apparent after our *de novo* review that there are several equitable factors favoring wife's contention on appeal: she has made a substantial contribution to the marriage, both as a wage-earner and as a homemaker; the subject property is the only significant asset of this marriage;[1] and there is a "gross disparity" in the present division, wife having received only $3,720 worth of personal property under the decree.

Accordingly, the decree is modified to provide that wife is awarded a judgment against husband for $10,000, payable in monthly installments of not less than $150, including interest at 9 percent per annum. Because of husband's financial condition and limited earning capabilities, we do not provide for a balloon payment on a date certain.

---

[1] The subject property has a value between $76,800 to $102,400, according to husband's testimony (based on his opinion of $600 to $800 per acre), or $112,000, according to wife's expert's written appraisal report.

■      We reject wife's second assignment of error regarding the trial court's award of less than the full amount of wife's attorney fees.

Decree modified to award wife a $10,000 judgment against husband, payable in monthly installments of not less than $150, including interest at 9 percent per annum; affirmed as modified. Costs to wife.