Elva Jean McLEOD, Plaintiff-Appellant,

v.

Ray FECHTEL, Defendant-Appellee.

No. 86–3775.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1987.

Decided July 13, 1987.

Alexander A. Wold, Eugene, Or., for plaintiff-appellant.

Richard A. Roseta, Eugene, Or., for defendant-appellee.

Before KILKENNY, ANDERSON and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Elva Jean McLeod appeals from judgment in her suit for malpractice against Ray Fechtel, a lawyer. Jurisdiction is based on diversity of citizenship. We affirm.

## FACTS AND PROCEEDINGS

Elva Jean and Ian McLeod were married for sixteen years. They lived in Oakland, California in a house that was Elva Jean's through a deceased husband and that Ian had helped fix up. In 1975 when Elva Jean was 61 and Ian 62, he left her and moved to Elkton, Oregon. He used all of his pension money to buy 14.34 acres on the Umpqua River and, for $3,000, built a house on the land. In 1981 he brought dissolution proceedings against Elva Jean in Lane County, Oregon.

Elva Jean retained Seymour Rose of Oakland to represent her. Rose in turn retained Ray Fechtel, a lawyer in Eugene, Oregon. In July 1981 Rose informed Fechtel that "the major community asset" was the 14 acres in Oregon. In 1982, before Fechtel had recorded a notice of *lis pendens*, Ian donated this property to the State of Oregon, retaining only permission to live on it as long as he lived. At the time of this conveyance the property was worth $98,000.

Elva Jean obtained new counsel, Dwyer, Simpson and Wold, who represented her at the dissolution hearing in March 1984. By this date Elva Jean was in poor health and completely disabled by diabetes and arthritis. Her Social Security and SSI benefits totaled $497 a month; Ian's totaled $524. Each had household goods, clothing and personal effects. Ian owned a 1977 Chevrolet Concours. He was also believed to have a life insurance policy for which the annual premium was $664. Dwyer, Simpson & Wold argued to Judge Maurice K. Merten, who heard the dissolution case, that Elva Jean should be made the irrevocable beneficiary of the insurance, be awarded spousal support of $200 per month for life, and be given her attorney's

fees; they also sought "other equitable relief."

Judge Merten ruled that Elva Jean was entitled to the Oakland property and Ian to nothing more; he noted that Ian had used "marital funds" to buy the Oregon property and had then "dissipated" it. Judge Merten denied spousal support because "their incomes are practically equal" and Ian had no other property. The property on the Umpqua was "a nonexistent asset." No evidence was offered on the life insurance policy.

Elva Jean did not appeal this decree. She did file this suit against Ray Fechtel. She alleged that his negligence had let Ian give away the major community asset.

By stipulation the case was heard before a magistrate. He gave summary judgment for Fechtel. Elva Jean appeals.

## ANALYSIS

In an action for malpractice in Oregon, the plaintiff must prove the usual elements of violation of a duty, causation, and harm. *Chocktoot v. Smith,* 280 Or. 567, 571 P.2d 1255, 1257 (1977). As to causation, the question to be decided is what a reasonable judge would have decided if the case had been properly tried. *Id.* The question is one of law.

Oregon requires division of real property according to what "may be just and proper in all the circumstances." ORS 107.105(f). Generally, this equitable command results in an equal division of real property. *See, e.g., In re Marriage of Dietz,* 271 Or. 445, 533 P.2d 783 (Or.1975). The marital or nonmarital status of the realty is not decisive. "[P]roperty may be subject to division whether or not it is a marital asset." *In re Marriage of Counts,* 75 Or.App. 30, 704 P.2d 1157, 1158 (1985); *see also In re Marriage of Pierson,* 294 Or. 117, 653 P.2d 1258, 1261 (1982). "Separately owned premarital property ... may be included in formulating a property division." *In re Marriage of Frishkoff,* 45 Or.App. 1033, 610 P.2d 831, 835 (1980); *see also Pierson,* 653 P.2d at 1260–61 ("property owned prior to the marriage" subject to division).

■ A reasonable judge, therefore, would probably have given Ian a share in the Oakland property if he had not "dissipated" the Oregon property purchased with "marital funds." At the very least Elva Jean has not presented evidence that a reasonable judge would not have struck the kind of balance that Judge Merten struck. She has failed to show that the conveyance of the property on the Umpqua caused her loss. As a matter of law she has failed to prove her malpractice claim.

■ Alternatively analyzed, Elva Jean's case falls because Elva Jean is estopped. She had a fair and full opportunity to prove her entitlement to property in the dissolution hearing before Judge Merten. She did not prove entitlement to the Oregon property, and she did not appeal. She cannot relitigate the same issue now. *State Farm v. Century Home,* 275 Or. 97, 103, 550 P.2d 1185, 1189 (1976). The federal forum, bound to apply state law in this diversity case, is as closed to her as would be any court of the state of Oregon.

AFFIRMED.