[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT
Plaintiff moves for summary judgment on the First Count of its complaint seeking foreclosure on three pieces of property in Suffield, Connecticut, mortgaged by defendant to secure a loan made by plaintiff to defendant, Kogut Enterprises, Inc. (hereinafter Defendant).
Plaintiff submitted an affidavit in support of its motion attesting to the execution and delivery of the subject note and mortgage, defendant's default, and the debt due. Defendant filed no counter affidavit on those issues. Thus plaintiff is entitled to summary judgment on liability unless defendant's special defenses raise issues of fact barring judgment.
In its answer defendant alleged three special defenses that have survived a motion to strike: First Special Defense asserting the equitable principle of marshalling; Third Special Defense asserting that late charges may not be charged after a demand for payment of the note is made; and Fifth Special Defense asserting that defendant offered full payment in kind, which plaintiff refused, and plaintiff is thereby estopped from claiming interest after that offer.
The latter two special defense can be readily disposed of. Since the motion for summary judgment relates to liability only, the exact amount of the debt, including late charges and interest due, can be determined at the time the motion for judgment is heard. It may further be observed that plaintiff in its affidavit of debt specifically refrained from claiming late charges after demanding full payment of the note. Also an offer of payment in property by a mortgagor in lieu of foreclosure, which is refused by plaintiff, does not stop the running of interest on the debt. Bank of Boston Connecticut v. Platz,41 Conn. Sup. 587, (1991). CT Page 5834
The undisputed facts regarding the defense of marshalling are these:
On August 17, 1989 defendant executed and delivered to plaintiff a Revolving Credit Note, secured by a mortgage on three pieces of property in Suffield. A settlement agreement reached by the parties established the principal balance of that Note to be $527,500.01, as of July 31, 1991.
On September 6, 1989 defendant and its principals executed and delivered to plaintiff a Demand Note, secured by a second mortgage on one of the Suffield properties. A settlement agreement reached by the parties established the principal balance of that Note to be $157,336.80, as of July 31, 1991. Pursuant to the settlement agreement, defendant executed and delivered to plaintiff a mortgage on Wallingford property in the amount of $684,836.81 to secure both the Revolving Credit Note and the Demand Note.
Plaintiff originally brought an action in the New Haven judicial district, at Meriden, to foreclose the mortgage on the Suffield and Wallingford properties. When defendant moved to dismiss on the ground that the New Haven Judicial District was the improper venue in which to foreclose the mortgage on the Suffield properties, plaintiff voluntarily withdrew the action.
The First Count of the instant action seeks solely to foreclose the Suffield properties securing the Revolving Credit Note. The debt owed on that Note was $695,095.27, as of February 24, 1995. The debt owed on the Demand Note was $207,475.41 on that date. The value of the Suffield properties is $2,423,000.
Shawmut Bank Connecticut, NA (hereinafter Shawmut), defendant in this action, has a judgment lien of $1,041,428.20 on both the Suffield properties, which are the subject of this action, and on the Wallingford property, on which plaintiff has a first mortgage, which is not the subject of this action.
In 1993 defendant valued the Wallingford property which it offered with two other Suffield pieces to plaintiff in lieu of foreclosure) at $777,600. Plaintiff CT Page 5835 submitted in support of the instant motion the affidavit of an independent appraiser, valuing that property at $220,000. For purposes of this motion, the court will take the defendant's value.
In its First Special Defense, defendant alleges the equitable principle of marshalling and, in effect, asserts that both the Wallingford and the Suffield properties must be foreclosed in a manner to do least harm to the defendant and its creditors.
Marshalling is a rule of equity for the purpose of achieving fair dealing and justice among senior and junior creditors of a common debtor. In foreclosure cases it is particularly applied when a senior mortgagee has a mortgage on two parcels of land and a junior mortgagee has a mortgage on but one of the parcels; the senior mortgagee may then be required to seek satisfaction out of the property on which the junior mortgagee has no lien so that both creditors may be satisfied. 53 Am.Jur.2d Marshalling Assets, §§ 1 and 4.
The rule is stated in Greenwich Trust Co. v. Tyson,129 Conn. 211, 227-228 (1942), as follows:
 The basis of marshalling is that, "where one creditor has security on two funds of his debtor, and another creditor has security for his debt on only one of those funds, the latter has a right in equity to compel the former to resort to the other fund, if it is necessary for the satisfaction of both creditors, provided it will not prejudice the rights or interest of the party entitled to the double fund, nor do injustice to the common debtor, nor operate inequitably on the interests of other persons." Ayres v. Husted, 15 Conn. 504, 515 . . .
At the outset, the court notes that marshalling is really not a defense to the issue of defendant's liability on the mortgage and note raised by this motion for summary judgment. Rather it relates to the terms of the CT Page 5836 foreclosure judgment that the court renders. Typically, when several properties must be foreclosed by sale, the court will order that each of the properties be conditionally sold separately and then all together, with the highest aggregate price realized to constitute the successful bid. This method applied to the Suffield properties would provide the best protection for all the parties and achieve the beneficial effect of marshalling.
If the defendant by its special defense of marshalling is seeking to require the plaintiff to realize part of its debt from the Wallingford property, which is not the subject of this action, it cannot prevail as a matter of law for several reasons.
First, marshalling is a remedy generally available to a junior lienor seeking to have the security of a senior claimant in separate properties foreclosed so as to safeguard the interest of the junior lienor. As stated inLoomis Nettleton Co. v. DiFrancesco, 116 Conn. 253, 258
(1983):
 If, upon proper pleadings, the holder of a junior mortgage upon one of two lots covered by a mortgage being foreclosed can prove that by the appropriation of the lot not included in his mortgage, the mortgage being foreclosed will be fully paid and discharged, it may be that the court would be justified, in the absence of other controlling equities, in restricting the foreclosure to that lot.
In the instant action, the defense of marshalling is not being asserted by Shawmut, a junior lienor, but by the defendant, mortgagor. While that defense by a mortgagor has been allowed in some states, 53 Am.Jur.2d Marshalling Assets, § 30, no Connecticut court has so held and in fact, one Connecticut case has stricken the defense by a mortgagor.Birenberg v. Bachelder, Superior Court, JD of New London at New London, DN. 529214 (Aug. 5, 1994) (Leuba, J.).
Second, the Suffield properties have sufficient value CT Page 5837 to satisfy the claims of the plaintiff on the Revolving Credit Note and the Demand Note, and the judgment lien of Shawmut, so there is no need for marshalling of the Wallingford property.
Third, defendant's defense of marshalling would require plaintiff to reinstitute a separate action to foreclose the Wallingford property, which defendant had previously opposed. The defense is not allowed when it would impose such an additional burden on the senior lienor. As stated in Greenwich Trust Co. v. Tyson, supra. p. 228
 Nor will the doctrine ordinarily be applied where the effect would be to compel one of the creditors to proceed by an independent action, such as for the foreclosure of a mortgage, because that would be to place an additional burden upon the creditor against whom the marshalling is sought.
Thus, this court concludes, based on the undisputed facts, that plaintiff has established its right to foreclose, and defendant cannot, as a matter of law, prevail in its special defenses. As a result summary judgment is hereby ordered in favor of the plaintiff on the issue of liability only.
Robert Satter State Judge Referee