[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kathleen Munson, brought the present action to recover damages for legal malpractice and breach of contract against the defendant, Stuart M. Sheiman on July 28, 1998. The defendant, who represented himself, filed an answer which he amended and the case proceeded to trial on December 19, 2000. The parties filed briefs subsequent to trial. CT Page 6491
The first count of the plaintiff's complaint alleges several acts of negligence by the defendant in his representation of her. She argues that the defendant breached his duty of care in rendering legal representation by failing to file a notice of lis pendens on her husband's real properties. She claims damages. The second count alleges breach of contract alleging that the defendant failed to represent her interests diligently, responsible and professionally. She seeks damages for the economic loss she allegedly sustained and for professional fees paid the defendant.
The court finds the following facts necessary to determine the outcome of this case. The plaintiff engaged the defendant to represent her in dissolution proceedings against her husband. She had been attracted by his advertisement which claimed that a simple divorce with children cost $2,500. The plaintiff had a free consultation with Sheiman in May 1995. She explained that her husband owned three pieces of real property which were his before the marriage and in which she had no legal title. One was the marital domicile at 421 Hattertown Road, Monroe; the second was an income producing property at 46 Renchy Street, Fairfield; and the third was located at 118-124 Forest Avenue, Fairfield in which he held a one-third interest. The defendant kept no notes of this consultation.
When the plaintiff subsequently retained Sheiman, she discussed her husband's family's familiarity with real estate transactions and her fear that he, with his family's help, would be able to prevent her from obtaining an interest in the properties. She further stated that her husband had a history of not paying bills and mortgages. After the dissolution action began on July 22, 1995, she did not discuss the real properties with Sheiman because her main concern for several months was to obtain child support.
The defendant did not file a notice of lis pendens on the husband's properties on behalf of the plaintiff. On May 10, 1996, the husband executed a $105,000 blanket mortgage on the Hattertown and Renchy Street properties in favor of his brother, Calvin Munson. In addition, the husband failed to pay the People's Bank mortgages and the properties went into foreclosure. The plaintiff consulted other counsel who advised her to file a notice of lis pendens. When she informed Sheiman, he did so in November 1996. The plaintiff then obtained other counsel.
It is necessary for the resolution of this action to take judicial notice of relevant facts found by Judge Bassick in his Memorandum of Decision dated September 8, 1997. Judge Bassick found that at the time of the dissolution, the plaintiff was working two days per week earning $10 per hour as an activities therapist. Her husband was earning a gross wage CT Page 6492 of $337 weekly as a finish carpenter employed by his brother Calvin, owner of Munson Builders, Inc. He suffered from attention deficit disorder and the court found his attention span limited. He was "disorganized at work and at home." Munson v. Munson, Superior Court, judicial district of Fairfield, at Bridgeport, Docket No. FA95-0325174 (September 8, 1997, Bassick, J.). Judge Bassick also found that at the time the parties separated in 1994 "there was no household money, no savings account, no college fund, no food money". Id.
The court also found that the plaintiff's brother Calvin Munson was joined as a third party defendant in the dissolution in March 1997. The court found that the defendant husband had borrowed money from Munson Builders from March 1, 1987, approximately six weeks before the marriage, to May 1, 1996 in excess of $105,000. He executed a mortgage to secure the debt. The debt was assigned to Calvin Munson on May 1, 1996. The court found that there had been "substantial consideration" for the mortgage of the Renchy Street property and therefore entered judgment for the third party defendant Calvin Munson. Id.
In addition, the court found that the defendant husband had failed to pay the bank mortgages on the Renchy Street and Hattertown Road properties and that both properties were in foreclosure. Id. Judge Bassick also found that at the time of the dissolution, the plaintiff herein owned a one-half interest in a home with her father valued at $25,000 and had an IRA valued at $3000, owned no automobile and owed her father approximately $22,000. The court stated that "[D]uring the entire marriage, the defendant became more and more in debt, but at an even faster rate since this dissolution action was commenced. By way of refinancing or borrowing, he has received $97,000 plus $110,000 from Munson Builders, Inc. and brother Calvin." The court listed the husband's property values and encumbrances: the marital residence "valued at $190,000 subject to a mortgage for $135,000 with an arrearage of $20,000, which property is in foreclosure; 46 Renchy Street valued at $165,000 subject to a mortgage with a total debt of $81,668 and a second mortgage of $20,000 which property is in foreclosure; and his one-third interest in 118-124 Forest Avenue valued at $300,000 subject to a mortgage for $225,000. There is a bank account maintained for this property with a balance of $6,000, one-third of which is the defendant's interest. He has liabilities reported on his financial affidavit totalling (sic) $212,780." Id.
The court further concluded that the defendant husband had no equity in either the Renchy Street or Hattertown properties; he had an interest of $25,000 in Forest Avenue and a $2000 in the bank account for that property. The court awarded his interest in Forest Avenue and the bank account to Mrs. Munson. Id. CT Page 6493
Mrs. Munson was unhappy with this distribution because she wanted the income-producing property and she did not want to have her husband's brother and another as co-owners of the Forest Street property. She brought this action alleging that, had a notice of lis pendens been filed, her interest in the other two properties would have been a matter of public record giving notice to all subsequent encumbrancers that she had a prior interest. She also argues that, had a notice of lis pendens been placed on the land records, the first mortgagee would have named her as a defendant in the foreclosure actions thereby giving her the opportunity to redeem the property or properties. She claims damages of at least $50,000 to compensate her for her loss.
A notice of lis pendens "is a creature of statute" and may be filed by a party to an action that will "in some way, either directly or indirectly, affect the title to or an interest in the real property itself." First Constitution Bank v. Harbor Village Ltd. Partnership,37 Conn. App. 698, 703, 657 A.2d 1110, cert. denied, 235 Conn. 902,665 A.2d 901 (1995). "[T]he purpose of [a notice of lis pendens] is to bind any subsequent purchaser or encumbrancer as if he were made a party to the action described in the lis pendens. [A] notice of lis pendens ensures that the (litigant's] claim cannot be defeated by a prejudgment transfer of the property . . . [T]he lis pendens procedure provides security for payment of the claim pending final resolution of the case." (Internal quotation marks omitted.) Corsino v. Telesca, 32 Conn. App. 627,632-33, 630 A.2d 154, cert. denied, 227 Conn. 931, 632 A.2d 702 (1993). The notice of lis pendens puts "potential buyers of the real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests and may affect the title or right to the property." Garcia v. Brooks Street Associates, 209 Conn. 15, 22,546 A.2d 275 (1988). The purpose of a prejudgment remedy, such as a notice of lis pendens, is "to preserve the asset while the matter is being litigated, not to effectuate a transfer prior to a trial on the merits." Rosenberg v. Rosenberg, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356648 (January 5, 1999, Frankel,J.).
Generally, "[p]ersons claiming an interest in the subject property who have filed a lis pendens on the land records in pursuance of the claim should be made a party to the foreclosure, providing of course that the lis pendens was filed subsequent to the interest being foreclosed." D. Caron, Connecticut Foreclosures (3d Ed. 1997) § 4.04J, p. 88; see also New Milford Savings Bank v. Jajer, 244 Conn. 251, 256 n. 11,708 A.2d 1378 (1998). "The requirement that a person who has filed a lis pendens should be named a defendant in a foreclosure applies only if that person holds no other interest in the property. In many instances, the lis CT Page 6494 pendens has been recorded . . . by a spouse who already holds a fee interest in the property, although it may be only an undivided interest. Such persons should not be named as defendants merely by virtue of the lis pendens." D. Caron, supra, § 4.04J, pp. 88-89. "If both spouses are already defendants by virtue of being co-owners of the property, the spouse recording the lis pendens acquires no additional interest in the property because of that recording, at least as far as the foreclosing mortgagee is concerned. For instance, the lis pendens gives the recording spouse no right to redeem on an additional law day." Id., 89.
If the plaintiff's attorney had filed a notice of lis pendens prior to the property being mortgaged to Calvin Munson, then: (1) People's Bank would hold a priority interest over the plaintiff and Calvin Munson, (2) the plaintiff would hold a subsequent interest to People's Bank and a priority interest over Calvin Munson, and (3) Calvin Munson would be a subsequent purchaser or encumbrancer to both People's Bank and the plaintiff. Corsino v. Telesca, supra, 32 Conn. App. 632-33. Furthermore, if the defendant filed a notice of lis pendens on behalf of the plaintiff, People's Bank would have named all interested parties in the foreclosure action. See generally, Lomas Nettleton Co. v. Difrancesco,116 Conn. 253, 255-56, 164 A. 495 (1933) (first priority mortgagee named mortgagor and two subsequent mortgagees as defendants in foreclosure action).
According to Caron, a wife should not be named as a defendant in the foreclosure of a mortgage on her husband's property merely by virtue of the lis pendens because she already holds a fee interest. D. Caron, supra, § 4.04J, p. 88-89. In the present case, however, the plaintiff did not hold a fee interest in either of these two properties that belonged to her husband. Therefore, if the defendant had filed a notice of lis pendens on the husband's property, the plaintiff would have been named a co-defendant in the People's Bank foreclosure action.
There are two foreclosure actions in which the plaintiff's husband is named as a defendant. In Fleet Mortgage Corp. v. Munson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335255 (Thim,J.), the plaintiff, Fleet Mortgage Corp., brought an action against the defendants for strict foreclosure of the Hattertown Road property on August 8, 1996. The defendants in that action include: James Munson, Calvin Munson, and People's Bank. Id. If the defendant in the current action had placed a notice of lis pendens on James Munson's properties, then the plaintiff should have been named as a co-defendant in FleetMortgage Corp. v. Munson. In Mellon Mortgage Co. v. Munson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363757 (Mottolese, J.), the plaintiff, Mellon Mortgage Co., brought an action against the defendants for strict foreclosure for the Renchy Street CT Page 6495 property on June 8, 1999. The defendants in that action include: James Munson, Calvin Munson, Douglas Munson, Mary Ann Munson, and Kathleen E. Munson. Id. The plaintiff, Kathleen Munson, failed to appear in MellonMortgage Co. v. Munson. The plaintiff is named as a defendant in the second foreclosure action because a notice of lis pendens had been filed prior to the commencement of the action.
Research has not revealed any Connecticut cases which have found an attorney negligent for failing to file a notice of lis pendens in connection with a divorce proceeding. It is "advisable to file a notice of lis pendens with respect to each property at the earliest possible time . . . [to ensure] that the client has the maximum protection" and to protect "the attorney by removing one possible basis for a future malpractice claim." A. Rutkin K. Hogan, 7 Connecticut Practice Series: Family Law and Practice (1999) § 22.7, p. 381.
Courts of other jurisdictions have addressed the question of whether an attorney's failure to file a notice of lis pendens constitutes legal malpractice. The Georgia Court of Appeals found that an attorney's failure to file a notice of lis pendens on one spouse's property in a divorce proceeding and subsequent failure to recognize such mistake and correct it constitutes a single breach in a legal malpractice action.Stocks v. Glover, 469 S.E.2d 677, 678, 220 Ga. App. 557, rehearing denied, 220 Ga.A. 914 (1996). The Ninth Circuit Court of Appeals found, however, that, although the wife's attorney failed to record a notice of lis pendens before the husband donated his property to the state, the trial court had considered the loss of the property in the division of the marital assets. McLeod v. Fechtel, 821 F.2d 1388, 1389 (9th Cir. 1987). In addition, the court found that the wife was estopped from bringing a malpractice claim against her attorney because she had fair and full opportunity to prove her entitlement to property before the trial judge in the dissolution proceeding and she did not appeal from that decision. Id. See also Ard v. Aulls, 477 So.2d 1032, 1033
(Fla.App. 5 Dist. 1985) (whether the lawyers breached their legal duty by not recording lis pendens and thereby caused injury to client were jury questions and thus not appropriately decided by summary judgment); Wildermann v. Wachtell, 267 N.Y.S. 840,841, 149 Misc. 623 (1933) (court noted that "it was clear that [the lawyer] was negligent in failing to file the lis pendens.")
The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "In a legal malpractice action, the plaintiff must produce expert testimony (1) that a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries CT Page 6496 suffered by the plaintiff," Somma v. Gracey, 15 Conn. App. 371,544 A.2d 668 (1988). (Internal citations omitted.)
The plaintiff produced Attorney Mark Korotash of Danbury who testified that a notice of lis pendens should have been filed on the land records at the time the dissolution action was begun.
The defendant had a duty of care to his client to protect his client's interests. In his answer to paragraph 9 of the complaint, the defendant concedes as much. The relationship between the parties was characterized by Sheiman's belief that Munson was a client "out of control" who came to his office frequently. The court finds that he was concerned with keeping his representation within the bounds of his advertised fee. He determined that Munson could not afford to pay fees and costs for discovery and appraisers. He did not obtain a title rundown of any of her husband's properties nor move to appoint a receiver of rents for the income-producing property because he did not believe Munson had standing to so move. He also failed to take such steps because she did not ask him to do so. He knew of her concern that the property would be encumbered by Calvin Munson and that her husband did not pay bills and mortgages.
He also was not pleased to learn that she had seen to the disappearance of her husband's copy of their pre-nuptial agreement which her husband no longer recalled.[1]
The court does not agree with the plaintiff that Sheiman's failure to file a notice of lis pendens proximately caused her damages. The findings of Judge Bassick reveal that the parties to the dissolution were in severe financial straits. The plaintiff herself had few assets, approximately $5000 in savings at the time, with which to negotiate with the banks who were foreclosing on Renchy Street and the marital home. She was not working full-time and her income was $10 per hour for two days of work per week. She contacted Mellon Bank and was unable to renegotiate the mortgage. She was also unable to raise financing through other banks. Furthermore, Judge Bassick made no findings that the funds owed by Mr. Munson to his brother were obtained by him or given by his brother to prevent Mrs. Munson from obtaining an interest in the Renchy Street or Hattertown properties.
The plaintiff seeks to have this court reach into the mind of Judge Bassick and change his financial awards based on surmise. This the court cannot do. Judge Bassick, as the trier of fact, carefully considered the claims made and all the evidence presented. His Memorandum of Decision (Exhibit 2) was not appealed by the plaintiff. It speaks for itself.
This court cannot conclude by a preponderance of the evidence that the CT Page 6497 defendant Sheiman's failure to record a notice of lis pendens was a substantial factor in the plaintiff's loss of an interest in the Renchy Street or Hattertown properties. In fact, she was uncertain as to whether she told Sheiman, or her second attorney that she wanted an interest in Renchy Street.
Accordingly, judgment shall enter for the defendant on the first count.
Little evidence was produced to support the second count alleging breach of contract. It was not briefed by trial counsel. Therefore, judgment on the second count shall enter for the defendant.
SANDRA VILARDI LEHENY, J.