■ BRANDON REED et al., Respondents, v FINKELSTEIN, LEVINE, GITTLESOHN & TETENBAUM et al., Appellants, et al., Defendants. (And a Third-Party Action.) [756 NYS2d 577] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 29, 2002, which, in an action for legal malpractice based on an allegedly incompetent application for leave to serve a late notice of claim in an underlying medical malpractice action, denied defendant-appellant referring law firm's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion was properly denied on the ground that an issue of fact exists as to the nature and extent of appellants' responsibilities in the underlying action. Appellants' reliance on *Wildermann v Wachtell* (149 Misc 623 [1933], *affd* 241 App Div 812 [1934]), which held that a referring attorney could not be held liable for the referred attorney's negligence in a foreign forum in which the referring attorney did not practice, is misplaced. Here, the referring firm, which specializes in personal injury, and the referred firm, which specializes in medical malpractice, are both located in New York, specialize in similar areas, and practice in the same courts under the same rules and before the same judges. Certainly, notices of claim and applications to file them late are a routine aspect of practice of many personal injury lawyers. We note that appellant firm's name appears on the retainer agreement along with that of the referred firm, that the record contains no writing between the two firms on the sharing of responsibilities or the fee, and that any prior arrangements between them is a matter within their exclusive knowledge. We have considered appellants' other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.