## CHARLES F. SPENCER *vs.* HARRISON WATERMAN AND OTHERS.

A creditor of a mortgagor levied an execution on the equity of redemption and had an undivided part of it set off to him thereon. The mortgaged premises were appraised at more than sufficient to pay both the mortgage and execution debts. Held that the levying creditor could not sustain a petition for the sale of the mortgaged premises and a division of the proceeds among the parties interested.

A mortgagee has a right to the whole mortgaged premises as security for his debt and cannot be compelled to take a portion of the premises either as security or payment, nor to submit to the uncertain result of a sale made by order of the court. The only remedy of any person holding or interested in the equity of redemption is to redeem by paying the mortgagee the full amount of his debt in money.

BILL IN EQUITY; brought to the Superior Court and heard before *Minor, J.*

The petition alleged that the respondent Waterman, on the 4th of April, 1866, mortgaged to James Jennings, another of the respondents, a piece of land in the town of Danbury of which he was the owner in fee, containing half an acre with buildings thereon, to secure a debt of $250 ; that the petitioner on the 29th of August, 1868, levied an execution which he held against Waterman on the equity of redemption in the mortgaged premises and had an undivided portion of the same set off to him according to law, the whole premises being appraised by the appraisers legally appointed at $639.-50, and such proportion being set off to him as an undivided interest as $49.83, the amount of his execution, bore to the value of the whole ; alleging that the premises were so situated that they could not be divided, and praying that they might be sold under an order of the court and the proceeds divided among the parties interested.

The respondents demurred to the petition, and the Superior Court held it sufficient and passed a decree that the premises should be sold by a person appointed for that purpose, and that a return of the sale should be made to the court for its further order with regard to the proceeds of the sale. The respondents filed a motion in error and brought the record before this court for revision.

Other facts were alleged in the petition and found by the decree which are unimportant in the view of the case taken by the court.

*Todd*, for the plaintiffs in error.

*Booth* and *Brewster*, for the defendant in error.

PARK, J. We think there is manifest error in the judgment of the Superior Court.

The petitioner by the levy of his execution took only the interest of the mortgagor in the mortgaged premises so far

as his execution covers the mortgaged property, and therefore the case stands precisely as it would have stood if this controversy was between the mortgagor and the mortgagee. We then have the novel proceeding of a party standing in the place of a mortgagor, bringing a petition to divide or sell the mortgaged premises, against the will of the mortgagee, and contrary to the express stipulations of his deed.

It is manifest that the land cannot be divided, for the mortgagee has the right to the whole as security for his claim, and he cannot be compelled to take a portion of the land in payment, for he has the right to the whole unless his claim is paid in money. The statute is conversant about rights that may be divided, and not about those which are incapable of division; and a sale is allowed only in cases where the interest of all the parties concerned would be more promoted by a sale than by a division. Therefore rights incapable of being divided are incapable of being sold.

Furthermore the mortgagee, by the terms of his deed, can not be compelled to relinquish the mortgaged property till his debt is paid; but this proceeding would compel him to do it on the promise that his debt would be afterwards paid. Suppose the property should not sell for more than half enough to pay his claim, must the sale be stopped, when once ordered by the court; or must the decree of the court be conditional, that the property should sell for enough to pay the mortgage claim?

Again; if the mortgagor, or those standing in his place, can sustain a petition against the mortgagee, to sell the mortgaged property, no doubt the mortgagee might sustain a like petition against the mortgagor, or those representing his interest, and we should have the novel practice of proceedings of this kind in lieu of petitions of foreclosure; which would be contrary to the stipulation of mortgage deeds, and contrary to the law regarding real estate. If a party seeks to obtain satisfaction for his claim from real estate, he must take it in payment of his debt, or at least so far as the value of the land extends.

These considerations show that there is manifest error in

the judgment complained of, and it is unnecessary therefore to consider the other questions made in the case.

The judgment is reversed.

In this opinion the other judges concurred.