The New England Mortgage Realty Company *vs.* Umberto Rossini et als.

Maltbie, C. J., Hinman, Banks and Avery, Js.*

* By agreement of counsel the case was heard by four judges, Brown, J. being disqualified.

Argued February 4th—decided March 9th, 1936.

*Isadore Chaplowe,* for the appellant (plaintiff).

*Bernard Krosnick,* for the appellee (defendant Brown).

HINMAN, J. The complaint alleged ownership by the plaintiff of a note dated April 15th, 1921, and a mortgage securing the same upon a tract of land in West Haven, one hundred and twenty feet front and ninety-five feet deep, and sought foreclosure of this mortgage. It was alleged, further, that one defendant, Benjamin Brown, is now the owner of the middle forty feet of that tract and the defendants Rossini own the remainder thereof. The defendant Brown filed an answer setting up that on July 13th, 1921, he was given a bond for a deed calling for a warranty deed of the parcel now owned by him and on November 30th, 1928, was given a quitclaim deed; that on October 30th, 1922, the defendants Rossini became the owners of the remainder of the mortgaged premises; that it was understood that the Rossinis were solely responsible for the mortgage, and that their property is of

value amply to satisfy it, and prayed that the Rossinis' land be applied to the satisfaction of the plaintiff's claim. The trial court found facts in accordance with Brown's allegations and rendered judgment of foreclosure as against the Rossinis and their land, only, and not against Brown or his land. From this the plaintiff appealed upon grounds which are hereinafter mentioned, claiming that the judgment should have run against Brown and his land, also. Further facts found by the trial court are stated in the course of the discussion.

In *Markham* v. *Smith,* 119 Conn. 355, 176 Atl. 880, we thoroughly discussed and applied the general equitable rule that where all the property covered by a mortgage has been sold in parcels to different purchasers at different times, upon foreclosure of the mortgage the parcels are liable in inverse order of alienation. 3 Jones, Mortgages (8th Ed.) § 2084. That case and earlier cases therein cited in which the principle has been recognized support the judgment now appealed from unless the present case is so materially distinguishable as to render the rule inapplicable. We do not understand the appellant to question the reason and justice of the principle as between the successive grantees, but it is claimed that under our system of mortgages and foreclosure practice it is not binding upon a foreclosing mortgagee and that the latter is entitled, upon strict foreclosure, to all the property mortgaged unless his debt is paid in cash. This claim finds support in early cases such as *Mix* v. *Hotchkiss,* 14 Conn. 32, 44, and *Waters* v. *Hubbard,* 44 Conn. 340, 349, in which latter case while it was recognized that in states where foreclosure is by sale "it would be manifestly just and equitable" that the parcel last conveyed should be sold first, it was indicated (p. 349) that this was not appropriate to strict

foreclosure. However, as appears in *Markham* v. *Smith,* p. 360, at least since *Sanford* v. *Hill,* 46 Conn. 42, 53, it has been recognized that the rule which imposes the burden in the inverse order of conveyance is not only the prevailing rule in this country and in England, but also " 'a logical result of our recording system and has a firm foundation in equity.' " See also *Lomas & Nettleton Co.* v. *Di Francesco,* 116 Conn. 253, 258, 164 Atl. 495; *New Haven Bank* v. *Jackson,* 119 Conn. 451, 453, 177 Atl. 387. The appellant admits that in cases where the mortgagee has himself acquired an interest, other than his mortgage, in part of the mortgaged premises, as in the two cases last cited, the principle has been and may be justly applied. The equities which the rule seeks to protect are those between successive grantees, growing out of the notice to each, by record, of the effect of prior conveyances upon the burden of the mortgage, and the mortgagee, if he takes a deed of or a subsequent mortgage upon one parcel, is just as much bound by notice of existing equities intervening since his original mortgage of the whole tract as a stranger would be. *Markham* v. *Smith,* supra, pp. 362, 363. This consideration naturally affects the equities between him, as such subsequent grantee, and others similarly situated, but no reason appears why a mortgagee having no such subsequently acquired interest should be immune from the operation of the rule, provided he obtains full satisfaction of his mortgage debt.

The defendant Brown is not deprived of the benefit of the rule by the fact that the deed which he ultimately received happens to have been a quitclaim instead of a warranty deed, free of incumbrances, as in other cases in which the rule has been applied. When the Rossinis became the owners of their land, in 1922, they had notice from the bond for a deed, given and

recorded in 1921, that Brown, upon payment of the instalments therein specified, was entitled to warranty deed and they by their deeds from the original mortgagors expressly assumed the payment of the debt secured by the mortgage now held by the plaintiff. Also, the trial court finds that it was always "understood by Brown and the parties other than he" that the mortgage was the sole responsibility of the Rossinis. The latter cannot complain of the imposition of that burden upon them and do not resist it by pleading or by appeal from the judgment foreclosing them of their parcel, to the exclusion of Brown's.

The plaintiff admitted, by one of its claims of law, that Brown, if he had sought and obtained an order for foreclosure by sale, would have been entitled to have the Rossinis' parcel sold first and that his own parcel be sold only if the proceeds of the sale of the Rossinis' property proved insufficient to satisfy the mortgage debt. No material distinction is discernible between such a procedure and the effect of the present judgment since the plaintiff obtains, even if the Rossinis do not redeem, full payment of the debt secured by its mortgage by appropriation of mortgaged property exceeding in value the amount of the debt. *Desiderio* v. *Iadonisi*, 115 Conn. 652, 655, 163 Atl. 254. Also, recourse to motion for foreclosure by sale instead of strict foreclosure was equally open to the plaintiff, who had notice, through Brown's answer, of his claim that the Rossini parcel be first appropriated to satisfaction of the mortgage debt.

The considerations last above mentioned go far toward meeting the further claim of the appellant that exoneration of Brown's parcel from the burden of the mortgage amounts to a taking of plaintiff's property without compensation and without due process of law, and an impairment of contract obligations, in violation

of the plaintiff's constitutional rights. Inherent in a mortgage is the right of the mortgagee to insist upon full payment before giving up his security, but that right is not impaired if the relief afforded accords him full compensation of his mortgage debt. *Louisville Joint Stock Land Bank* v. *Radford*, 295 U. S. 555, 580, 79 L. Ed. 1593, 1599, 55 Sup. Ct. 854. The constitutional protection of a contract regards its essentials rather than the form or mode of proceeding by which it is to be carried into execution, and its obligation is not impaired so long as the remedy afforded is one which is complete and secures all the substantial rights of the parties. *Barnitz* v. *Beverly*, 163 U. S. 118, 125, 127, 41 L. Ed. 93, 16 Sup. Ct. 1042; *Tennessee* v. *Sneed*, 96 U. S. 69, 24 L. Ed. 610. The rights of the mortgagee are limited by the substantial necessities of such a remedy and in a foreclosure by sale he is entitled to a sale of the whole mortgaged property only if that is necessary in order to satisfy the mortgage debt. *Bronson* v. *Kinzie*, 42 U. S. (1 How.) 311, 11 L. Ed. 143. Likewise, where strict foreclosure is the remedy pursued by the mortgagee, without resort to a sale, the principle subjecting parcels of the mortgaged property to foreclosure in the inverse order of their conveyance until their value satisfies the debt does not impair the right of the mortgagee to payment in full, or deprive him of any of his security until such payment has been obtained. In the present case the trial court adjudged that the land owned by the Rossinis "exceeds in value the mortgage debt and is ample to satisfy the same and taxes." The finding for the purposes of this appeal is that the value of the Rossinis' lots exceeds the debt and taxes "by between $1200 and $1400 at least." No constitutional or contract right of the plaintiff is impaired or inequity done it in declining to add thereto the Brown lot, found to

be of a value of $300. *Lomas & Nettleton Co.* v. *Di Francesco,* supra, p. 258.

While commonly in foreclosure proceedings ascertainment of value of the mortgaged property is for the purpose of setting a law day for redemption it is not, as the appellant contends, necessarily confined to that purpose; where there is involved apportionment of the debt among grantees, subsequent to the mortgage, of parcels of the property covered, in accordance with their respective values, or, as here, a claim that foreclosure be in inverse order of alienation, determination of values of the several parcels is, obviously and properly, for that purpose as well. *Markham* v. *Smith,* supra, pp. 358, 366.

The facts here appear to present a relatively simple and typical illustration of the equitable considerations which have caused the rule applied to be utilized in all but three of the states and in England, and of the just and reasonable results of its application, not only in foreclosures by sale but also in cases of strict foreclosure where the situation is appropriate thereto, as in the present instance.

There is no error.

In this opinion the other judges concurred.