[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
This is a foreclosure action brought by the predecessor of CT Page 14667 the present Plaintiff, Pendragon Real Estate Corporation, under its blanket mortgage on five parcels of real estate owned by the Defendant, Domonic Colossale. The mortgage secures the obligation of Colossale and others (the Colossale Defendants) under a note held by the Plaintiff.
The present hearing covered all or portions of five days, commencing October 29, 1999. The purpose of the hearing was to determine the debt, costs, manner of foreclosure, and matters incident thereto. Participating in the hearing were counsel for the Plaintiff, the Defendant, Bank United and the Colossale Defendants.[1] The issues were initially hotly contested. As the hearing progressed, all but the manner of foreclosure were resolved by stipulation.
During the hearing the parties stipulated as to the fair market value of each of the five subject parcels. The five parcels, all located in New Britain, and the stipulated fair market value (FMV) of each, are as follows:
Parcel One: FMV $354,500, Lot A, Konstin Place
 Parcel Two: FMV $121,000, Units 1A, 2B and 4B, Willow Brook Estates Condominiums, at 472 South Main Street
 Parcel Three: FMV $221,500, No. 126-130 South Main Street
Parcel Four: FMV $302,500, No. 6-16 Whiting Street
Parcel Five: FMV $375,000, No. 145 Stanley Street
Parcels One, Three, Four and Five are commercial properties and Parcel Two comprises condominium units. The Plaintiff's mortgage is in a first priority position on Parcel One, is in priority immediately behind the statutory six-month condominium fee lien on Parcel Two, and is in priority immediately behind the first mortgage position on Parcels Three (Bank United, $30,000); Parcel Four (Bank United, $90,000-95,000); and Parcel Five (First City Bank, $140,000). In all cases, in order subordinate to Plaintiff's position are John Juros, $2,030 judgment lien; Bank United, $30,000 attachment; and the interest of the owner.
The principal amount of the debt was stipulated to be $321,973.32. Interest to October 29, 1999 was stipulated to amount to $126,197.89, subject to Defendants' claim for a CT Page 14668 reduction therein due to claimed unnecessary delays on the part of the Plaintiff. After hearing on this subject, the Court reduced that interest amount to $116,847.55, to which $550.02 was added at an agreed per diem rate of $91.67 through November 4, 1999. The running of interest was stopped as of that date.
The issues of attorney's fees and appraisal costs, initially contested, were resolved by stipulation to be $37,500 for all fees and costs (exclusive of committee and sale costs incurred in foreclosure by sale, if such be ordered.) Accordingly, the mortgage foreclosure debt consisted of $321,973.32 principal, $117,397.57 interest, and $37,500 attorney's fees and costs, totaling in all $476,870.89.
The remaining contested issue concerned the method and manner of foreclosure. The Defendants took the position that a strict foreclosure limited to Parcels One and Two, together with a minor infusion of available cash, would, on the basis of the stipulated fair market values thereof, fully satisfy the mortgage foreclosure debt. The Plaintiff took the position that it was entitled to either strict foreclosure on all five parcels or foreclosure by sale on all five. However, the Plaintiff would not move for foreclosure by sale.[2]
The combined stipulated fair market value of Parcels One and Two is $475,500. The Defendants produced ready funds sufficient to cover the $1,370.89 differential between that amount and the mortgage debt, together with the amounts of the condominium fee lien on Parcel Two, and the real estate taxes and assessments on Parcels One and Two due on January 1, 2000.
The Court considers the Defendant's request for strict foreclosure limited to Parcels One and Two (together with the aforesaid funds inclusion) to be fair and equitable. The debt will be fully satisfied and Plaintiff will have no loss, based on the fair market values to which it has stipulated. The Plaintiffs demand for strict foreclosure of all five parcels would clearly result in an unequitable windfall to the Plaintiff, and unfairly deprive the Defendants of their positions subordinate to Plaintiff's mortgage on all parcels. A foreclosure by sale would unnecessarily add to costs, and being a forced sale, might result in diminished values. Moreover, no party, including Plaintiff, has moved for foreclosure by sale.
The issue before the Court is whether it has the authority to CT Page 14669 order the limited strict foreclosure as requested by the Defendants. The Court believes it has such authority. Foreclosure is an equitable proceeding. In New Haven Bank v. Jackson,119 Conn. 451, 453 (1935), citing Lomas Nettleton Co. v.DiFrancesco, 116 Conn. 253, 258 (1933), the Supreme Court opined that with respect to a mortgage covering multiple parcels, if it could be proved that by restricting strict foreclosure to less than all mortgaged parcels the mortgage being foreclosed would be fully paid, the court, absent countervailing equities, might be justified in so doing.
The foregoing principle was applied in the analogous case ofNew England Mortgage Realty Co. v. Rossini, 121 Conn. 214 (1936). In that case, the defendant mortgagor, after granting a mortgage on the plaintiff mortgagee, subdivided the property into two parcels, keeping one for himself and conveying the other to the defendant third party. The Supreme Court affirmed the trial court's limiting its judgment of strict foreclosure to the subdivided parcel retained by the mortgagor.[3]
The requisite factors are here present. The stipulated fair market values of Parcels One and Two, together with the submitted cash, fully satisfied the debt. To do otherwise would entail an inequitable result.
 Judgment
The mortgage debt, including all costs including attorney's fees, is $476,870.89.
Judgment of strict foreclosure is ordered, limited to Parcels One and Two described above, as necessary.
Law dates for Parcel One shall commence November 29, 1999.
To the extent of the remaining balance, if any, of the debt, Law dates for Parcel Two shall commence December 4, 1999.
David L. Fineberg Superior Court Judge